UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action Number 1:17-cv-510

Juan Carlos Castaneda,
Plaintiff,

v.

Velocity Investments, LLC,
Defendant.

## COMPLAINT

1. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. 1331 and the Fair Debt Collection Practices Act (FDCPA). The Court has supplemental jurisdiction to hear Plaintiff's state law claim pursuant to 28 U.S.C. 1367 because the facts arise out of the same transaction.

2. Plaintiff is an individual consumer who resides in Denver, CO.

3. Velocity Investments, LLC (Velocity) is a "debt collector" as defined in the FDCPA, and is located in Wall, New Jersey.

4. Velocity is licensed to collect debts in the State of Colorado.

5. At some point in 2015, Velocity sued Plaintiff's father in Broomfield County Court to collect on an auto loan incurred for the father's personal use, and therefore the transaction qualifies as a "debt" under the FDCPA.

6. Velocity obtained a judgment against Plaintiff's father, Juan Castaneda Pinedo.

7. In the summer of 2016, Velocity began garnishing *Plaintiff's wages* to collect on his father's debt.

8. In total, Velocity garnished approximately $3,700 of the Plaintiff's wages to collect on his father's debt.

9. On August 19, 2016, Plaintiff's counsel notified Velocity's counsel that it was garnishing the wrong person.

10. Soon thereafter, Velocity agreed to stop the garnishment; however, Velocity took the incredible position that it would not refund Plaintiff the money already garnished even though it had actual knowledge at this point that it had garnished the wrong person.

## COUNT I, FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff re-alleges and incorporates the above paragraphs as if fully set out herein.

12. Velocity's actions of failing to return the improperly garnished monies taken from Plaintiff is a violation of the following provisions of the FDCPA: 15 U.S.C. 1692e, 1692e(4), 1692e(5), 1692e(10), 1692f, and 1692f(1).

13. Velocity's violations of the FDCPA have caused the Plaintiff actual damages such as lost money, loss of quality of life, inconvenience, and emotional distress.

14. Plaintiff seeks maximum statutory damages of $1,000 against Velocity, together with attorney fees and costs, pursuant to the FDCPA.

## COUNT II, CONVERSION

15. Plaintiff re-alleges and incorporates the above paragraphs as if fully set out herein.

16. Velocity's actions of refusing to return Plaintiff's garnished wages after it had actual knowledge that it had garnished the wrong person was an unauthorized act of ownership over Plaintiff's wages, which did not belong to Velocity, and amounted to a conversion of Plaintiff's wages.

17. Velocity's refusal to return Plaintiff's wages was inconsistent with Plaintiff's right of possession to his wages.

18. Velocity's conversion has caused Plaintiff actual damages, including loss of use of property, loss of quality of life, inconvenience, and emotional distress.

2

WHEREFORE, Plaintiff prays for the following relief:

a. actual damages to be determined at trial;

b. attorney fees and costs;

c. $1,000 statutory damages;

d. for such other relief as may be proper.

s/ Matthew R. Osborne
10465 Melody Dr., Ste 325
Northglenn, CO 80234
(303) 759-7018
matt@mrosbornelawpc.com
*Attorney for Plaintiff*

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

3